IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSE MANUEL MOYA  :

   v.  :   Civil Action No. DKC 16-3447
        Criminal No. DKC 04-0064-17

UNITED STATES OF AMERICA  :

**MEMORANDUM OPINION**

Petitioner Jose Manuel Moya filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on October 14, 2016.[1] ECF No. 531. He seeks a six (6) month reduction of his sentence - to a sentence of seventy-two (72) months.

The court issued an Order on November 9, 2016, advising Moya that it previously granted him a motion to reduce sentence pursuant to Amendment 782 and reduced his sentence to sixty-four (64) months. The court directed the clerk to mail a copy of the sentence reduction order to Moya and provided him time to advise the court whether, after review of the sentence reduction order, he still wished the court to consider his motion to vacate, set aside or correct sentence. ECF No. 532. On December 15, Moya advised the court that he did desire the court to adjudicate his

---

[1] As pointed out by the government, the petition is likely untimely, having been filed more than one year after the conviction became final. 28 U.S.C. § 2255(f).

motion to vacate, set aside or correct sentence. ECF No. 533. The same date, Moya also filed a motion for declaratory relief or, alternatively, for an immigration departure. ECF No. 534. The government filed a response in opposition to both motions. ECF No. 537. Petitioner has not filed a reply. The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary. For the reasons that follow, both motions will be denied.

**I. Background**

On February 11, 2013, Jose Manuel Moya pled guilty to Count One of the Superseding Indictment charging him with conspiracy to distribute and possess with intent to distribute five (5) kilograms or more of cocaine, in violation of 21 U.S.C. § 846. He was sentenced on June 25, 2013, to a 78 month term of imprisonment. He did not appeal.

The court granted Moya's motion to reduce sentence and reduced his sentence to sixty-four (64) months pursuant to Amendment 782 on July 23, 2015. ECF No. 529.

**II. Motion to Vacate, Set Aside, or Correct Sentence**

    **A. Standard of Review**

To be eligible for relief under 28 U.S.C. § 2255, a petitioner must show, by a preponderance of the evidence, that

his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]" 28 U.S.C. § 2255(a). A *pro se* movant, such as Petitioner, is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978). But if the § 2255 motion, along with the files and records of the case, "conclusively show[s] that the prisoner is entitled to no relief," the claims raised in the motion may be summarily denied. *See* 28 U.S.C. § 2255(b).

**B. Analysis**

Petitioner's motion to vacate sentence requests a six (6) month reduction of his sentence. He argues that he is a deportable alien and such status renders him ineligible for the benefits of 18 U.S.C. § 3624(c), which provides inmates with six (6) months in a community corrections environment prior to release.

Petitioner's motion for declaratory relief requests the court to reduce his sentence by ten percent (10%) or, alternatively, to direct the Bureau of Prisons to transfer him to a facility that has implemented the Institutional Hearing

Program (IHP) because Rivers Correctional Institution, where he is currently incarcerated, does not offer the program. The IHP is a coordinated effort by the Bureau, the Immigration and Customs Enforcement (ICE), and the Executive Office for Immigration Review (EOIR), to provide deportation, exclusion, or removal proceedings to sentenced aliens.

Relief under 28 U.S.C. § 2255 is available only upon a petitioner proving by a preponderance of the evidence that his "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law[.]" It does not permit a court to modify a lawful sentence, as Petitioner requests here.

To the extent Petitioner challenges the execution of his sentence, rather than its imposition, his claim may fall within the purview of 28 U.S.C. § 2241. Petitions under this section, however, must be filed "in the district of confinement rather than in the sentencing court." *United States v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989) (citing *United States v. Brown*, 753 F.2d 455 (5th Cir. 1985)). Moreover, federal prisoners are required to exhaust the administrative remedies provided by the Bureau of Prisons prior to commencing an action under § 2241.

*See Pelissero v. Thompson*, 170 F.3d 442, 445 (4th Cir. 1999). Petitioner is presently confined in Winton, North Carolina, *i.e.*, outside this district, and there is no indication that he has exhausted any administrative remedies through the Bureau of Prisons.

In sum, this court is without authority to grant the relief requested by Petitioner and his motions will be denied by separate order.

    **C.    Certificate of Appealability**

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El*

*v. Cockrell*, 537 U.S. 322, 336–38 (2003).  Upon review of the record, the court finds that Petitioner does not satisfy the above standard.  Accordingly, the court will decline to issue a certificate of appealability on the issues which have been resolved against Petitioner.

A separate order will follow.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge